IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:20-cv-00155-MR

CHRISTOPHER LEE MICHELSON,    )
                              )
            Plaintiff,        )
                              )
vs.                           )
                              )
WELLPATH, et al.,             )          **ORDER**
                              )
            Defendants.       )
_____)

**THIS MATTER** is before the Court on initial review of the Complaint [Doc. 1]. Also pending is Plaintiff's Motion to Transfer Case to Another District [Doc. 6]. Plaintiff is proceeding in *forma pauperis*. [Doc. 8].

**I.    BACKGROUND**

*Pro se* Plaintiff, a pretrial detainee at the Buncombe County Detention Facility (BCDF), filed this civil rights action pursuant to 42 U.S.C. § 1983 complaining about his medical care. He names as Defendants: Wellpath, BCDF's medical services provider based in Nashville, Tennessee; and Tracy Goen, the medical director at BCDF. Plaintiff purports to assert claims against these Defendants in their official capacities. [Doc. 1 at 2].

Plaintiff alleges that Defendant Goen failed to monitor his lithium level every 90 days and failed to order such a test when Plaintiff's blood pressure

became elevated. Plaintiff alleges that, when a lithium test was finally administered and the level came back high, Defendant Goen failed to send Plaintiff to the hospital. Instead, Defendant Goen withheld lithium for several days, which Plaintiff contends was medical malpractice. Plaintiff alleges that the high lithium level "fried [his] inner organs" and caused a number of symptoms that made Plaintiff think he was having a stroke. [Doc. 1 at 5]. Plaintiff also appears to allege that medication was withheld from him in retaliation for writing a grievance about the lithium issue.

Plaintiff appears to allege that Wellpath failed to ensure that Plaintiff's lithium level was tested every 90 days and should have known that the failure to do so would cause Plaintiff bodily injury.

Plaintiff seeks a jury trial.

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

Plaintiff attempts to state § 1983 claims against Defendants in their official capacities. An official-capacity suit is "treated as a suit against the entity," which must then be a "'moving force' behind the deprivation." King v. Rubenstein, 825 F.3d 206, 223 (4th Cir. 2016) (quoting Polk County v. Dodson, 454 U.S. 312, 326 (1981)). Thus, the entity's "'policy or custom' must have played a part in the violation of federal law." Id. (quoting Polk,

3

454 U.S. at 326; Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694 (1978)). Plaintiff has failed to allege that his rights were violated by Defendants' custom or policy, and therefore, his § 1983 claims against Defendants in their official capacities are dismissed.[1]

To the extent that Plaintiff is attempting to assert a negligence claim under State law, the Court declines to exercise supplemental jurisdiction at this time because no federal claim has passed initial review. See 28 U.S.C. § 1367(c)(3).

In his Motion to Transfer, Plaintiff contends that this Court was involved in "fraud" in another *pro se* civil rights case, Civil Case No. 1:17-cv-00050. [Doc. 6 at 1]. Plaintiff contends that this case should be transferred to another venue because the Court "falsified legal documents" and that he "cannot receive a fair civil suit in this court." [Id.].

Under the general venue provision of 28 U.S.C. § 1391(b), a civil action may be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action

---

[1] The Court notes that the Complaint is also deficient in that it does not include a demand for relief. See Fed. R. Civ. P. 8(a)(3).

may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the person is domiciled. 28 U.S.C. § 1391(c)(1). Even if the § 1391(b) venue requirements are satisfied, a court may transfer a civil action to any district where the action might have originally been brought "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a).

The Complaint was docketed in the instant case on June 22, 2020. On June 29, 2020, this Court denied Plaintiff's motion for reconsideration in another civil rights action, Civil Case No. 1:17-cv-00050. See Michelson v. Duncan, 2020 WL 3511592 (W.D.N.C. June 29, 2020). Plaintiff's present request to transfer this matter to another venue appears to be an attempt at forum shopping, which will not be permitted. See generally Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Tx., 571 U.S. 49, 65 (2013) ("§ 1404(a) should not create or multiply opportunities for forum shopping").

Venue is proper in this jurisdiction because Plaintiff resides here, Defendant Goen appears to reside here, and the incidents at issue allegedly occurred here. Further, Plaintiff has failed to show that the convenience of

5

the parties or the interest of justice favors such a request.  Therefore, Plaintiff's Motion to Transfer Venue is denied.

To the extent that Plaintiff's Motion to Transfer Venue can be liberally construed as a motion seeking the Court's recusal, no relief is warranted.  A litigant may seek recusal of a judge if the litigant files "a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party."  28 U.S.C. § 144.  Plaintiff has not filed an affidavit as required by § 144, and his allegations are legally insufficient to support relief.  See generally Liteky v. United States, 510 U.S. 540, 555 (1994) ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."); United States v. Cherry, 330 F.3d 658, 665 (4th Cir. 2003) ("a presiding judge is not … required to recuse himself simply because of 'unsupported, irrational or highly tenuous speculation'") (quoting United States v. DeTemple, 162 F.3d 279, 287 (4th Cir. 1998)).  Therefore, to the extent that Plaintiff seeks the Court's recusal, this Motion is denied.

## IV.  CONCLUSION

In sum, Plaintiff has failed to state a claim against any Defendant.  The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to correct its deficiencies and properly state a claim upon which

6

relief can be granted.  Should Plaintiff fail to timely amend his Complaint, this action will be dismissed without prejudice and without further notice to Plaintiff.

**IT IS, THEREFORE, ORDERED** that Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order.  If Plaintiff fails to amend the Complaint in accordance with this Order and within the time limit set by the Court, this action will be dismissed without prejudice and without further notice to Plaintiff.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Transfer Case to Another District [Doc. 6] is **DENIED**.

The Clerk of Court is respectfully directed to mail Plaintiff a blank prisoner § 1983 complaint form along with a copy of this Order.

**IT IS SO ORDERED**.

Signed: November 11, 2020

Martin Reidinger
Chief United States District Judge