IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:20-cv-00155-MR

| | |
|---|---|
| CHRISTOPHER LEE MICHELSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| WELLPATH, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion to Amend [Doc. 16] and on initial review of the Second Amended Complaint [Doc. 17]. Also pending is the Plaintiff's Motion for Preliminary Injunction [Doc. 12]. The Plaintiff is proceeding *in forma pauperis.* [Doc. 8].

**I.     BACKGROUND**

The *pro se* Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 while he was a pretrial detainee at the Buncombe County Detention Facility ("BCDF"), complaining about his medical care.[1] The Complaint was dismissed on initial review for failure to state a claim and the Plaintiff was granted the opportunity to amend. [Doc. 9]. The Plaintiff filed an Amended

---

[1] The Plaintiff is no longer incarcerated.

Complaint [Doc. 10], then a Corrected Amended Complaint [Doc. 11]. He has now filed a Motion to Amend [Doc. 16] and a proposed Second Amended Complaint [Doc. 17]. The Motion to Amend is granted,[2] and the Second Amended Complaint will be reviewed for frivolity pursuant to 28 U.S.C. § 1915.

The Plaintiff names as Defendants: Quentin Miller, the Sheriff of Buncombe County; Wellpath, BCDF's medical services provider; Tracy Goen, the medical director at BCDF; and Roy Colby Dodd,[3] a former physician assistant at BCDF. The Plaintiff asserts official capacity claims against Defendants Miller and Wellpath and individual capacity claims against Defendants Goen and Dodd for deliberate indifference to a serious medical need in violation of the Eighth and Fourteenth Amendments. [Doc. 17 at 2-3].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding *in forma pauperis*, the Court must review the Second Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state

---

[2] After a first amendment as a matter of right, a plaintiff may amend with permission from the court which "shall be freely granted when justice so requires." Fed. R. Civ. P. 15(a)(2).

[3] The Plaintiff also refers to this Defendant as "Roy Dodds." [Doc. 17 at 5].

2

a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether the Second Amended Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

### A. Parties

The Plaintiff names an individual in the body of the Second Amended Complaint who is not named as a Defendant in the caption as required by Rule 10(a). Any claims against that individual are nullities and they are dismissed without prejudice. See, e.g., Londeree v. Crutchfield Corp., 68 F.Supp.2d 718 (W.D. Va. Sept. 29, 1999) (granting motion to dismiss for individuals who were not named as defendants in the complaint but who were served). Therefore, to the extent that the Plaintiff intended to state claims against any individual not named as a Defendant, such claims are dismissed without prejudice.

### B. Deliberate Indifference to a Serious Medical Need

The Eighth Amendment encompasses a right to medical care for serious medical needs.[4] See Estelle v. Gamble, 429 U.S. 97, 103-04 (1976). To state a claim for deliberate indifference to a serious medical need, a plaintiff must show that he had serious medical needs and that the defendant acted with deliberate indifference to those needs. Heyer v. United States

---

[4] Because Plaintiff was a pre-trial detainee at the relevant time, his deliberate indifference claims are properly brought under the Fourteenth Amendment rather than the Eighth Amendment. See City of Revere v. Mass. Gen. Hosp., 463 U.S. 239 (1983). However, the Fourth Circuit has long applied the Eighth Amendment deliberate indifference standard to pretrial detainees' deliberate indifference claims. See, e.g., Mays v. Sprinkle, 992 F.3d 295 (4th Cir. 2021); Young v. City of Mount Ranier, 238 F.3d 567 (4th Cir. 2001); Grayson v. Peed, 195 F.3d 692 (4th Cir. 1999); Belcher v. Oliver, 898 F.2d 32 (4th Cir. 1990).

4

Bureau of Prisons, 849 F.3d 202, 210 (4th Cir. 2017) (citing Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008)). A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko, 535 F.3d at 241 (internal quotation marks omitted). "Deliberate indifference requires a showing that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need for medical care." Young v. City of Mount Ranier, 238 F.3d 567, 575–76 (4th Cir. 2001). "To establish that a health care provider's actions constitute deliberate indifferent to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990), *overruled on other grounds by* Farmer v. Brennan, 511 U.S. 825 (1994).

Allegations that might be sufficient to support negligence and medical malpractice claims do not, without more, rise to the level of a cognizable § 1983 claim. Estelle, 429 U.S. at 106; Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999) ("Deliberate indifference is a very high standard—a showing of mere negligence will not meet it."). To be found liable under the Eighth

5

Amendment, a prison official must know of and consciously or intentionally disregard "an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837; Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998). "[E]ven if a prison doctor is mistaken or negligent in his diagnosis or treatment, no constitutional issue is raised absent evidence of abuse, intentional mistreatment, or denial of medical attention." Stokes v. Hurdle, 393 F. Supp. 757, 762 (D. Md. 1975), *aff'd*, 535 F.2d 1250 (4th Cir. 1976).

### 1. Defendant Miller

Plaintiff sues Defendant Miller, the Sheriff of Buncombe County, in his official capacity only. Suits against sheriffs in their official capacity are in substance claims against the office of the sheriff itself. Gannt v. Whitaker, 203 F.Supp.2d 503, 508 (M.D.N.C. Feb. 26, 2002), *aff'd* 57 F. App'x 141 (4th Cir. 2003). To succeed on such a claim, Plaintiff must allege that a Sheriff's Office policy or custom resulted in the violation of federal law. See Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 694 (1978) (holding that in an official capacity suit, the entity's "policy or custom" must have played a part in the violation of federal law); Oklahoma City v. Tuttle, 471 U.S. 808, 818-20 (1985) (discussing same). The Plaintiff makes no such claim here.

As such, the Plaintiff has failed to state a claim against Defendant Miller in his official capacity, and he will be dismissed as a Defendant in this matter.[5]

### 2. Wellpath

The Plaintiff also sues BCDF's medical provider, Wellpath. The Monell standard applies to private entities that employ individuals acting under color of state law, such as a private corporation serving as a prison health care provider. See, e.g., Conner v. Donnely, 42 F.3d 220, 224 (4th Cir. 1994) ("a private party acts under the color of state law where 'the private entity has exercised powers that are 'traditionally the exclusive prerogative of the state.'") (quoting Blum v. Yaresky, 457 U.S. 991, 1004 (1982)). A private company is liable under § 1983 "only when "an official policy or custom of the corporation causes the alleged deprivation of federal rights." Austin v. Paramount Parks, Inc., 195 F.3d 715, 728 (4th Cir. 1999) (citations omitted).

The Plaintiff has provided no factual allegations suggesting that a policy or custom of Wellpath caused his purported injuries, and his apparent reliance on *respondeat superior* fails to support a § 1983 claim. See, e.g., Hill v. Palmer, No. 1:18-CV-293-FDW, 2019 WL 956816, at *6 (W.D.N.C.

---

[5] The Plaintiff's claim would also fail if he had named Defendant Miller in his individual capacity. The doctrine of *respondeat superior* does not apply in actions brought under § 1983. See Monell, 436 U.S. at 694. Rather, to establish liability under § 1983, a plaintiff must show that the defendant "acted personally" to cause the alleged violation. See Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (citation omitted). Here, Plaintiff has not alleged that Defendant Miller acted personally in any way.

7

Feb. 27, 2019) (dismissing on initial review claims against Southern Health Partners, on a theory of *respondeat superior* where plaintiff failed to identify any policy or custom of the corporation and therefore failed to state any cognizable § 1983 claim). Wellpath will therefore be dismissed as a Defendant in this matter on initial review.

### 3. Defendant Dodd

The Plaintiff alleges that Defendant Dodd was assigned to treat the Plaintiff's mental health, but that Dodd failed to check the Plaintiff's lithium level for two years. [Doc. 17 at 5]. The Plaintiff alleges that on May 18, 2020, he presented to the BCDF medical department with a number of symptoms that indicated a potential lithium toxicity, but that Dodd refused to check his lithium levels. [Id.]. The Plaintiff alleges that Defendant Dodd instead "had medical director Tracy Goen write orders for two (2) blood pressure medicines, despite knowing or having reason "to know that blood pressure medicines could create a deadly drug reaction with lithium." [Id.]. The Plaintiff alleged that he "nearly died" two days later. [Id.].

Assuming the truth of the Plaintiff's allegations and giving him the benefit of a very broad and favorable inference, the Court finds that the Plaintiff's claim that Defendant Dodd provided him with deliberately

8

Case 1:20-cv-00155-MR Document 19 Filed 08/02/21 Page 8 of 11

indifferent medical care at BCDF is not clearly frivolous and survives initial review.

### 4. Defendant Goen

The Plaintiff alleges that Defendant Goen wrote orders for blood pressure medications at Defendant Dodd's request and that Goen paused the Plaintiff's lithium rather than sending him to the hospital when a blood test revealed lithium toxicity. [Doc. 17 at 5].

Taking the Plaintiff's allegations as true and giving the Plaintiff the benefit of every reasonable inference, the Plaintiff has failed to state a claim against Defendant Goen for deliberate indifference to a serious medical need. Defendant Goen's writing of blood pressure orders at Defendant Dodd's request, while perhaps negligent, does not support that Defendant Goen knew of and consciously disregarded "an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837. The Plaintiff's mere disagreement with Defendant Goen's decision not to send him to the hospital on May 22 also fails to support a deliberate indifference claim. See Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014) ("'[d]isagreements between an inmate and a physician over the inmate's proper medical care' … fall short of showing deliberate indifference.") (quoting Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985)). The Plaintiff has therefore failed to state a claim upon

9

Case 1:20-cv-00155-MR   Document 19   Filed 08/02/21   Page 9 of 11

which relief can be granted against Goen and he will be dismissed as a Defendant in this matter on initial review.

### C. Motion for Preliminary Injunction

In his Motion for Preliminary Injunction [Doc. 12], the Plaintiff asks the Court to require BCDF to provide him with adequate medical care.

A prisoner's transfer moots a § 1983 request for declaratory and injunctive relief when the conditions of which the prisoner claims are unlikely to recur. See Williams v. Griffin, 952 F.2d 820 (4th Cir. 1991); Taylor v. Rogers, 781 F.2d 1047, 1048 n.1 (4th Cir. 1986). The Plaintiff is no longer incarcerated at BCDF and he no longer takes lithium. Therefore, the conditions of which he complains are unlikely to recur and his Motion for Preliminary Injunction will be denied as moot.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The Plaintiff's Motion to Amend [Doc. 16] is **GRANTED**.

2. The Plaintiff's claim for deliberate indifference to a serious medical need against Defendant Dodd has passed initial review.

3. The Plaintiff's claims against Defendants Miller, Wellpath, and Goen fail initial review and these Defendants shall be **DISMISSED WITH PREJUDICE** as Defendants in this matter.

4. The Plaintiff's Motion for Preliminary Injunction [Doc. 12] is **DENIED AS MOOT.**

5. The Clerk of Court is directed to mail a summons forms to the Plaintiff for the Plaintiff to fill out and return for service of process on **Defendant Dodd.** Once the Court receives the completed summons forms, the Clerk shall then direct the U.S. Marshal to effectuate service on the Defendant. The Clerk is respectfully instructed to note on the docket when the form has been mailed to the Plaintiff.

**IT IS SO ORDERED.**

Signed: August 2, 2021

Martin Reidinger
Chief United States District Judge